**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| DENNIS WHALEY,<br>a Kentucky resident,<br><br>Plaintiff,<br><br>v.<br><br>PSIL HOLDINGS LLC,<br>an Oklahoma limited liability company,<br><br>Defendant. | ) Civil Action No. 5:25-CV-00324-GFVT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Defendant, PSIL Holdings LLC ("Defendant" or "PSIL Holdings"), respectfully moves this Court to dismiss the Complaint filed by Plaintiff, Dennis Whaley ("Plaintiff" or "Whaley") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Complaint should be dismissed because it pleads no federal question and fails to establish diversity jurisdiction under 28 U.S.C. § 1332. Zachary Whaley,[1] a member of PSIL Holdings' parent company, PurFi Global LLC ("PurFi Global"), a Delaware limited liability company, is "stateless" for purposes of assessing diversity jurisdiction as he is a United States citizen residing in a foreign country, Sri Lanka. Stateless persons cannot sue or be sued in federal court on the basis of diversity jurisdiction. In addition, despite Plaintiff's lacking characterization in its Complaint of Zachary Whaley's citizenship and domicile (as opposed to "residence"), and given evidence that shows he likely remains a citizen of Kentucky, Plaintiff has not alleged

[1] Zachary Whaley is the natural son of Plaintiff, Dennis Whaley, admittedly a citizen of the Commonwealth of Kentucky.

complete diversity of citizenship between the parties. Accordingly, the Complaint should be dismissed.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a "resident of the Commonwealth of Kentucky." [D.E. #1, p. 1, ¶1 (PageID #1)]. PSIL Holdings is a "limited liability company organized and existing under the laws of the State of Oklahoma." [D.E. #1, p. 1, ¶2 (PageID #1)]. PurFi Global owns 100% of the membership interests in PSIL. [D.E. #1, p. 1-2, ¶3 (PageID #1-2)]. In turn, the members of PurFi Global are: (i) K. Joy Nunn an Oklahoma resident (Class A membership interests), (ii) Susan Brown an Oklahoma resident (Class B membership interests), and (iii) Zachary Whaley, "an individual resident of the country of Sri Lanka" (also Class B membership interests) [D.E. #1, p. 2, ¶3 (PageID #2)].

The Complaint does not contain any allegation that Zachary Whaley is a citizen or subject of Sri Lanka. [D.E. #1, p. 1-2, ¶3 (PageID #1-2)]. It is also silent as to whether Zachary Whaley is "domiciled" within a United States state and is, therefore, a citizen of such state, and which state that is. [D.E. #1, p. 1-2, ¶3 (PageID #1-2)]. However, according to Kentucky public records,[2] Zachary Whaley has an "in force" **Kentucky driver's license** that was issued on March 25, 2021

[2] These public records are cited to demonstrate what appears to be Zachary Whaley's continuing U.S. citizenship and ties to Kentucky; they indicate his current domicile is within the Commonwealth of Kentucky. *See, e.g., Butler v. Pollard*, 482 F.Supp. 847, 850 (E.D.Okla. 1979) (noting, *inter alia*, the plaintiff's affidavit indicating a California driver's license and voting status); *Elyachar v. Gereal Corp.*, 583 F.Supp. 907, 909 (S.D.N.Y. 1984) (Florida driver's license and voter registration); *Naegele v. Albers*, 355 F.Supp.2d 129, 135 (D.D.C. 2005) (Florida driver's license and voter registration).

and expires on May 26, 2029,[3] and Zachary Whaley is also **registered to vote in Fayette County, Kentucky**.[4]

## III. LEGAL STANDARD

"[T]he party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. This means that a plaintiff (or a defendant in a removal action) must fully allege the citizenship of each party." *Akno 1010 Market St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citations omitted). "[A]n individual is a citizen of the state in which that individual is domiciled, as defined by the individual's (1) physical presence within a state; and (2) intent to remain indefinitely." *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 845 n.1 (E.D. Mich. 2019). "This permanence distinguishes domicile from residence. Establishing residence requires 'an intention to remain some indefinite period of time, but not necessary permanently.'" *Asa v. Parkside Dwellings Recapitalization, LLC* 2022 WL 92326, at *2 (N.D. Ohio Jan. 10, 2022).

"[W]hen an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member." *Pourtaghi*, 43 F.4th, at 627. Thus, in considering a motion to dismiss for lack of subject matter jurisdiction, courts look to the Complaint and "may also consider other evidence in the record, provided that this factual inquiry 'does not implicate the merits of the plaintiff's claim.'" *Asa*, 2022 WL 92326, at *2.

---

[3] *See* Official Driving History Record (Nov. 7, 2025), a copy of which is filed herewith as **Exhibit 1**. The Driving History Record is a public record maintained by the Transportation Cabinet for the Commonwealth of Kentucky pursuant to KRS 186.018.

[4] *See* Voter Registration Record (Feb. 11, 2009), a copy of which is filed herewith as **Exhibit 2**. A record of voter registration is a public record in Kentucky pursuant to KRS 116.095.

## IV. ARGUMENT

### A. There Is No Diversity Jurisdiction Under § 1332 Because Zachary Whaley Is A "Stateless" Person And Not A Citizen Of A Different State Or A Citizen Or Subject Of A Foreign State.

Pursuant to the "stateless person" doctrine, federal courts do not have diversity jurisdiction over U.S. citizens residing abroad. The complaint alleges that Zachary Whaley is a "resident of the country of Sri Lanka." It does not allege that he is a citizen or subject of Sri Lanka and that he has renounced his U.S. citizenship or that he is a citizen of a U.S. state other than Kentucky. Zachary Whaley, who is a member of Defendant's parent company PurFi Global, is not a citizen of a different state or a citizen or subject of a foreign country, rendering Defendant a stateless citizen as well. As a result no provision of the diversity statute grants this Court jurisdiction over this matter.

The federal diversity of citizenship statute grants this Court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00"[5] and the civil action is between "citizens of different States;" citizens of a State and citizens or subjects of a foreign state;" and "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1)-(3). Plaintiff alleges in his Complaint that he is a Kentucky "resident." [D.E. #1, p. 1, ¶1 (PageID #1)]. He then alleges that, based on the sub-members' alleged "residences," Defendant "maintains citizenship in Oklahoma and/or Sri Lanka [D.E. #1, p. 2, ¶3 (PageID #2)]; however, diversity jurisdiction turns on *citizenship* (*i.e.*, domicile), not mere residence. For that reason alone, Plaintiff has not alleged diversity of the parties' *citizenship* based upon the allegations of the Complaint and as required by 28 U.S.C. § 1332(a).

[5] PSIL Holdings does not dispute the amount in controversy is in excess of $75,000.00.

With respect to Defendant's own *citizenship*, Plaintiff's allegations in the Complaint about its third sub-member, Zachary Whaley, do not spell out whether Whaley is a citizen of a state other than Kentucky or that Zachary Whaley is a citizen, or subject, of a foreign state. [D.E. #1, p. 2, ¶3 (PageID #2)]. Instead, the Complaint merely contains the allegation that Zachary Whaley is a "resident" of Sri Lanka. [D.E. #1, p. 2, ¶3 (PageID #2)]. These particular allegations do not establish diversity under § 1332.

First, they do not meet the requirements of § 1332(a)(1), which grants jurisdiction to district courts over civil actions between "**citizens** of different States" (emphasis added). As a "resident" of Sri Lanka, the Complaint does not allege Zachary Whaley is a citizen of a different state than Plaintiff (and, indeed, Zachary Whaley's in-force driver's license and voter registration indicate he is a citizen of Kentucky). *See* Exhibits 1-2. Second, the Complaint does not meet the requirements of § 1332(a)(2), which grants jurisdiction to district courts over civil actions between citizens of a state and citizens or subjects of a foreign state. In addition to Zachary Whaley's citizenship, Defendant, as a limited liability company, owned by a separate limited liability company, is an Oklahoma citizen by virtue of the citizenship of its other members. Finally, the Complaint does not meet the requirements of § 1332(a)(3), which grants jurisdiction to district courts over civil actions between citizens of different states and in which citizens or subjects of a foreign state are additional parties. The Complaint alleges that Zachary Whaley is a "resident" of Sri Lanka, but it does not state Zachary Whaley is a citizen or subject of Sri Lanka, which is necessary to confer jurisdiction under § 1332(a)(3).

Moreover, even if Zachary Whaley were a citizen or subject of Sri Lanka, there would not be diversity jurisdiction under § 1332 so long as he retained his United States citizenship because a U.S. citizen domiciled abroad is "stateless" for purposes of § 1332. "Under the stateless person

doctrine, federal courts do not have diversity jurisdiction over United States citizens domiciled abroad." *Asa*, 2022 WL 92326, at *3. This is because such persons "are neither 'citizens of a State' nor "citizens or subjects of a foreign state" under § 1332. *Id.* In *Asa*, the court considered the citizenship of a party with both United States and Canadian citizenship with a domicile in Toronto. *Id.* As a result of her United States citizenship and her domicile in Toronto, the court concluded the party was "stateless" and therefore destroyed diversity jurisdiction. *Id.* ("Plaintiff Asa is a United States citizen domiciled abroad. The stateless person doctrine applies to her, meaning that this Court's diversity jurisdiction does not extend to this case.").

Based on the allegations in the Complaint, the same is true in this case. The Complaint alleges that Zachary Whaley resides in Sri Lanka. However, it does not allege he is a citizen or subject of Sri Lanka, and it does not allege he is not a United States citizen. Defendant has provided this Court with public records demonstrating that Zachary Whaley has a valid Kentucky driver's license and that he remains is registered to vote in Fayette County, Kentucky. *See* Exhibits 1-2. United States citizenship is required for voter registration in Kentucky. *See* KRS 116.025(1).

Zachary Whaley is a United States citizen living abroad. As a result, and as with the United States citizen living abroad in *Asa*, the stateless person doctrine applies to Zachary Whaley and this Court's diversity jurisdiction does not extend to this case. *Asa*, 2022 WL 92326, at *3; *see also Alkuda v. McDonald Hopkins Co.*, 2025 WL 2639343, *1 (6th Cir. Sept. 9, 2025) (affirming district court's dismissal of plaintiff's complaint for lack of diversity jurisdiction where Plaintiff's "complaint shows that she is a United States citizen who is not domiciled in any state because she shifted her domicile to the United Arab Emirates (UAE); consequently she is 'stateless' for purposes of diversity jurisdiction" and "cannot sue or be sued in federal court on the basis of diversity jurisdiction."). In addition, by all indications available to Defendant without undergoing

discovery on this discrete issue,[6] Plaintiff's son, Zachary Whaley, appears to maintain his Kentucky citizenship, which destroys Plaintiff's alleged diversity jurisdiction in this action. The Complaint should be dismissed for lack of subject matter jurisdiction.

It is immaterial that Zacharay Whaley's citizenship is relevant due to his status as a sub-member of Defendant rather than as a named party. As this Court has noted in the context of partnerships and limited liability companies, "diversity 'depends on the citizenship of *all* the members,'" *EQT Prod. Co. v. Vorys, Sater, Seymour & Pease, LLP*, 2018 WL 6790486, at *4 (E.D. Ky. Dec. 26, 2018) (emphasis in original) (quoting *Carden v. Arkoma Assocs.*, 110 S. Ct. 1015, 1021 (1990). "'[T]he complete diversity requirement demands that all partners be diverse from all parties on the opposing side'" **and a district court lacks diversity jurisdiction in the case of "one 'stateless partner[.]'"** *Id.* (emphasis added; quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 931 (2d Cir. 1998)). "Because courts must 'count every member of an unincorporated association for purposes of diversity jurisdiction,' **complete diversity is destroyed when even one partner or member of an unincorporated association is stateless**." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1304 (S.D. Fla. 2016) (emphasis added, quoting *Carden*, 494 U.S. at 195) (granting motion to dismiss due to lack of subject matter jurisdiction); *see also Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 637 (7th Cir. 2021) ("we hold that **a partnership made up of at least one stateless citizen is itself stateless** and cannot be sued in diversity") (emphasis added); *Smith v. Alphabet Inc.*, 2017 WL 2983403, at *4 (S.D. Ala. May 18, 2017), *report and recommendation adopted*, 2017 WL 2983016 ("if a

[6] *See Watts v. United States*, 2022 WL 3691012, at *1 (E.D.Ky. August 25, 2022) (noting trial court's authorization of initial discovery on the issue of subject matter jurisdiction). *See also Gould, Inc. v. Pechiney Ugine Kulmann*, 853 F.2d 445, 451 (6th Cir. 1988) ("[W]e stress that a party must be given 'an ample opportunity to secure and present evidence relevant to the existence of jurisdiction;'" (quoting *Rogers v. Straton Indus.*, 798 F.2d 913, 918 (6th Cir. 1986)).

partnership has among its partners one partner who is a stateless person, by virtue of being a United States citizen domiciled abroad, **the partnership is stateless and cannot be sued in federal court based on diversity jurisdiction**") (emphasis added).

In this case, as a United States citizen and resident of Sri Lanka, Zachary Whaley is stateless. His statelessness as a member of Defendant's limited liability company parent destroys diversity jurisdiction in this action as a result. As a result, the Complaint should be dismissed for lack of subject matter jurisdiction.

## V. CONCLUSION

Accordingly, for the reasons stated herein, Defendant respectfully requests that the Court grant its Motion, dismiss Plaintiff's Complaint, and strike this matter from the Court's active docket.

Respectfully submitted,

*/s/ Will E. Messer*

Will E. Messer
DENTONS BINGHAM GREENEBAUM LLP
300 West Vine Street, Suite 1300
Lexington, Kentucky 40507
Phone: (859) 231-8500
Email: will.messer@dentons.com

COUNSEL FOR DEFENDANT,
PSIL HOLDINGS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of November, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing to all parties of record.

Martin B. Tucker
Zachary C. Webster
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
Email: martin.tucker@dinsmore.com
Email: zachary.webster@dinsmore.com

*/s/ Will E. Messer*
COUNSEL FOR DEFENDANT, PSIL HOLDINGS LLC