UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DENNIS WHALEY, | ) | |
| | ) | Case No. 5:25-cv-00324-GFVT |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **&** |
| | ) | **ORDER** |
| PSIL HOLDINGS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Defendant PSIL Holdings, LLC's Motion to Dismiss. [R. 5]. For the following reasons, the Court will **GRANT** the Motion to Dismiss on the basis that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

**I**

This is a simple breach of contract case involving the alleged non-payment of a secured loan made by Plaintiff Whaley as a lender to Defendant PSIL Holdings, LLC as a borrower. [R. 1]. Plaintiff Whaley argues that diversity jurisdiction exists between the parties, as the amount in controversy exceeds $75,000 and the parties are diverse. *Id.* at 2. Whaley is a citizen of Kentucky. *Id.* at 1. PSIL Holdings is an Oklahoma limited liability company wholly owned by PurFi Global LLC. *Id.* at 2. The members of PurFi Global are K. Joy Nunn of Oklahoma, Susan Brown of Oklahoma, and Zachary Whaley.[1] [R. 5-1 at 2]. The Complaint describes Zachary Whaley as "an individual resident of the country of Sri Lanka," therefore establishing that "PSIL Holdings maintains citizenship in Oklahoma and/or Sri Lanka." [R. 1 at 2]. But Defendant

---

[1] In the Motion to Dismiss, Defendant PSIL Holdings states that Zachary Whaley is Plaintiff Dennis Whaley's son. [R. 5-1 at 7]. To avoid confusion, the Court refers to "Plaintiff Whaley" and "Zachary Whaley," respectively, throughout this Memorandum Opinion.

argues that Zachary Whaley is actually a Kentucky resident living abroad in Sri Lanka and thus constitutes a "stateless person." [R. 5-1 at 2–3].

PSIL Holdings filed their Motion to Dismiss arguing that Plaintiff Whaley cannot establish diversity jurisdiction. [R. 5]. The parties then agreed to an extension of time to allow Plaintiff Whaley to respond to the Motion. [R. 9]. Plaintiff failed to file a timely response, and the Court on its own motion gave Plaintiff an additional seven days with which to file a response. [R. 10]. Plaintiff Whaley then filed notice stating that "he does not oppose [Defendant]'s Motion to Dismiss" but "necessarily reserves any and all rights." [R. 11]. Accordingly, PSIL Holdings' motion is ready for review.

## II

The Court first acknowledges that Plaintiff Whaley has waived any opposition to the Motion to Dismiss by acknowledging that he does not oppose it. A district court may deem the plaintiff to have waived opposition to a motion to dismiss where a plaintiff fails to oppose such a motion. *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (citing *Humphrey v. United States Attorney Gen.'s Office*, 279 Fed. App'x 328, 331 (6th Cir. 2008)). Nevertheless, the Court will briefly analyze the jurisdictional claim.

Subject matter jurisdiction defines a federal court's authority to hear a given type of case. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). A court cannot entertain a case if it lacks subject matter jurisdiction, and the lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002). The burden of proving jurisdiction rests with the plaintiff, and the plaintiff survives a motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. *Id.* (quoting

*Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Under the well-known diversity jurisdiction standard, federal courts can hear state common law claims if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For purposes of diversity jurisdiction, limited liability companies have the citizenship of each partner or member, including any "sub-members." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010). An individual is a citizen of the state in which that individual is *domiciled*, as defined by the individual's physical presence within a state and the intent to remain indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Defendant PSIL Holdings raises the issue of the stateless person doctrine. This stands for the proposition that a United States citizen who has no domicile in any state is a "stateless person" whose presence in the litigation destroys diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *see also Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 927 (S.D. Ohio 2007). Such persons "are neither citizens of a State nor citizens or subjects of a foreign state" under § 1332. *Asa v. Parkside Dwellings Recapitalization*, LLC, No. 1:21-CV-01949, 2022 WL 92326, at *3 (N.D. Ohio Jan. 10, 2022) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008)). If an LLC has among its partners or members any American citizen who is domiciled abroad, the LLC cannot sue (or be sued) in federal court based upon diversity jurisdiction. *Swiger*, 540 F.3d at 184 (collecting cases).

The Complaint alleges that Zachary Whaley is an "individual resident of the country of Sri Lanka," but does not address whether he is a United States citizen. [R. 1 at 2]. PSIL Holdings contends that Zachary Whaley is a United States citizen living abroad. [R. 5-1 at 6]. In support of this argument, PSIL Holdings included exhibits showing that Zachary Whaley

3

maintains an active Kentucky driver's license and a Fayette County voter registration card. [Rs. 5-2, 5-3]. Plaintiff Whaley, who chose to not oppose the motion, necessarily provides no evidence or argument against the contention that Zachary Whaley is a United States citizen living abroad. The Court lacks diversity jurisdiction over a limited liability company with a member or sub-member who is a stateless person. *Swiger*, 540 F.3d at 184. The Court will therefore dismiss the claims without prejudice. Fed. R. Civ. P. 12(b)(1); *see also Citadel Securities, LLC v. Chicago Bd. Options Exchange, Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) ("A dismissal for lack of subject matter jurisdiction is not a decision on the merits, and thus cannot be a dismissal with prejudice.").

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant PSIL Holdings, LLC's Motion to Dismiss **[R. 5]** is **GRANTED**.

2. All claims by Plaintiff Dennis Whaley in this matter against Defendant PSIL Holdings, LLC, are **DISMISSED without prejudice**. Each party shall bear its own fees and costs.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 12th day of January, 2026.

Gregory F. Van Tatenhove
United States District Judge